```
                    IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS
```

TINA PRYOR,

              Plaintiff,

vs.                                        Case No. 13-1322-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

              Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

   The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On February 17, 2012, administrative law judge (ALJ) Melvin B. Werner issued his decision (R. at 13-26). Plaintiff alleges that she had been disabled since January 1, 2010 (R. at 13). Plaintiff is insured for disability insurance benefits through December 31, 2011 (R. at 15). At step one, the ALJ found that

plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 15). At step two, the ALJ found that plaintiff had the following severe impairments: diabetes mellitus with neuropathy, degenerative changes to the right knee, obesity, asthma, hypertension, and borderline intellectual functioning (R. at 15). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 16). After determining plaintiff's RFC (R. at 20), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 24). At step five, the ALJ found that plaintiff can perform jobs that exist in significant numbers in the national economy (R. at 25). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 25-26).

**III.  Are the ALJ's physical RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p,

5

1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion, citing to specific medical facts and nonmedical evidence, the court will conclude that his RFC conclusions are not supported by substantial evidence.  See Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July 28, 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review; the ALJ is charged with carefully considering all of the relevant evidence and linking his findings to specific evidence.  Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is insufficient for the ALJ to only generally discuss the evidence, but fail to relate that evidence to his conclusions.  Cruse v. U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p because he has not linked his RFC determination with specific evidence in the record, the court cannot adequately assess whether relevant evidence supports the ALJ's RFC determination.  Such bare conclusions are beyond meaningful judicial review.  Brown v. Commissioner of the Social Security Administration, 245 F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ found that plaintiff could perform sedentary work. She can lift or carry up to 10 pounds occasionally or nominal amounts frequently, stand or walk at least 2 hours out of an 8 hour workday, and sit about 6 hours. Plaintiff is able to perform simple, routine, repetitive tasks (R. at 20).[1]

On May 18, 2010, Dr. Subramanian performed a consultative examination of the plaintiff. His report includes a history of illness, past medical history, personal and family history, current medications, numerous physical findings, and a physical examination. In conclusion, Dr. Subramanian stated that plaintiff had no disability in sitting, standing, handling objects, hearing, speaking or traveling. However, because of multiple medical problems, including pain while walking, and shortness of breath on exertion, she may have disability in lifting, carrying and walking long distances (R. at 419). The ALJ found that this opinion is generally well supported, but due to degenerative findings in her knee and her obesity, he found that plaintiff was also limited in her ability to stand. Thus, the ALJ gave the opinion greater weight than the consultants who rendered opinions as to plaintiff's capacity (R. at 23).

A physical RFC assessment was performed by Dr. Siemsen, a non-examining physician, on November 8, 2010. He opined that plaintiff could lift 20 pounds occasionally and 10 pounds

---

[1] In her brief, plaintiff only takes issue with the ALJ's physical RFC findings.

frequently.  Plaintiff could stand for 2 hours and sit for 6 hours in an 8 hour workday.  She could never climb ladders/ropes/scaffolds, and could occasionally climb ramps/stairs, stoop, kneel, crouch and crawl.  She should also avoid concentrated exposure to extreme cold (R. at 459-466).  Dr. Siemsen provided a narrative discussion in support of his findings.  He discussed and gave substantial weight to the opinion of Dr. Subramanian (R. at 465).  He also discussed the medical evidence and plaintiff's own reports (R. at 464, 466).  The ALJ stated that he gave the opinion some weight to the extent that it supported a finding that plaintiff is limited to sedentary work (R. at 23).

The ALJ's RFC findings are generally consistent with the opinions of Dr. Subramanian and Dr. Siemsen.  There are no other medical opinions in the record regarding plaintiff's physical limitations.  Unlike Fleetwood v. Barnhart, 211 Fed. Appx. 736, 740 (10th Cir. Jan. 4, 2007), this is not a case in which the ALJ only relied on a check-the-box form with little or no explanation for the conclusions reached.  Dr. Subramanian provided a detailed three page report in support of his opinions (R. at 417-419), and Dr. Siemsen provided a narrative summary of the evidence in support of his opinions (R. at 464-466).

Furthermore, none of the medical evidence contradicts the ALJ's RFC findings, or indicates that plaintiff has physical

limitations not set forth in the RFC findings.  When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened.  Wall v. Astrue, 561 F.3d 1048, 1068-1069 (10th Cir. 2009); Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004).  The court finds that substantial evidence supports the ALJ's RFC findings, and the ALJ reasonably relied on the opinions of Dr. Subramanian and Dr. Siemsen in making his RFC findings.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 11th day of September 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge